Patrick M. Howe
pat@patrickhowelaw.com
State Bar No. 154669
600 W. Broadway, Suite 700
San Diego, CA 92101
(619) 202-1210 Phone
(619) 452-2507 Fax

Attorney for defendant United
Financial Casualty Company (erroneously
sued as "Progressive Casualty Insurance Company, Inc.")

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Ali Almanzi, an individual; and Monica Howard, an individual;<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>Progressive Casualty Insurance Company, Inc., an Ohio Corporation; and Does 1–40, inclusive;<br><br>　　　　Defendants. | Case No. 5:14-CV-00975<br><br>**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. SECTION 1441 (b) (DIVERSITY) AND DEMAND FOR JURY TRIAL** |

TO THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND TO PLAINTIFFS AND THEIR ATTORNEYS OF RECORD:

Please take notice that, under 28 U.S.C. sections 1441 (b) and 1446, defendant United Financial Casualty Company (erroneously sued as "Progressive Casualty Insurance Company") ("UFCC") hereby removes this action from the Superior Court of the State of California, for the County of Riverside, and submits the following statement of facts, which entitles it to removal:

## JURISDICTION

1. This action is a civil action of which this court has original jurisdiction under 28 U.S.C. section 1332, and is one which may be removed to this court by UFCC pursuant to 28 U.S.C. section 1441 (b), in that it is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

2. On November 4, 2013, plaintiffs Ali Almanzi and Monica Howard commenced this action against UFCC in the Superior Court of the State of California, for the County of Riverside. (Complaint, Exh. 1.) The complaint asserts causes of action against UFCC for breach of insurance contract and breach of the implied covenant of good faith and fair dealing.

3. Each plaintiff is, and at the time of commencement of the state court action was, a citizen of California. (Complaint, Exh. 1, p. 8, ¶ 1.) UFCC is, and at the time of commencement of the state court action was, a corporation incorporated under the laws of the State of Ohio, with its principal place of business in Ohio. (5/13/14 printout from

California Secretary of State official website, Exh. 2; 5/13/14 printout from California Department of Insurance official website, Exh. 3.)

4. The amount in controversy exceeds $75,000. Plaintiffs claim UFCC denied their insurance claim and caused plaintiffs' arrest and prosecution for insurance fraud. Plaintiffs claim consequential economic damages of $25,000 for the cost of their defense in the criminal prosecution; at least $15,000 in property damage; general damages of $500,000; special damages of at least $40,000; and punitive damages. (Plaintiffs' Case Management Statement, Exh. 4, p. 26, ¶ 4.)

## GENERAL ALLEGATIONS

5. UFCC became aware of the existence of the complaint on or about November 14, 2013, when it was served with summons and complaint.

6. Defendant filed an answer to the complaint in state court on December 13, 2013. (Answer, Exh. 13.)

7. The complaint is silent on the amount of damages claimed by plaintiffs. The only numerical information alleged in the complaint is that the purchase price of the vehicle involved in the insurance claim was approximately $18,500. (Complaint, Exh. 1, p. 9, ¶ 8.)

8. On December 13, 2013, UFCC served admission requests and special interrogatories on each plaintiff in an attempt to determine the types and amounts of damages plaintiffs claim or will claim in the action. (Requests for Admission, Exh. 5 and 6; Special Interrogatories, Exh. 7 and 8.)

9. The admission requests asked each plaintiff as follows:

**Request 1**

Admit that YOU claim more than $75,000 in damages, exclusive of interest and costs, as a result of UFCC's conduct.

**Request 2**

Admit that YOU do not claim more than $75,000 in damages, exclusive of interest and costs, as a result of UFCC's conduct.

**Request 3**

Admit that YOU will not claim more than $75,000 in damages, exclusive of interest and costs, as a result of UFCC's conduct.

**Request 4**

Admit that YOU have not suffered more than $75,000 in damages, exclusive of interest and costs, as a result of UFCC's conduct.

**Request 5**

Admit that YOU will not suffer more than $75,000 in damages, exclusive of interest and costs, as a result of UFCC's conduct.

10. The special interrogatories asked each plaintiff as follows:

**Interrogatory 1**

Do YOU claim more than $75,000 in damages, exclusive of interest and costs, as a result of UFCC's conduct.

**Interrogatory 2**

Describe the nature and state the amount of each item of damage YOU claim YOU have suffered as a result of UFCC's conduct.

11. On or about January 10, 2014, UFCC received each plaintiff's responses to the admission requests and special interrogatories. The responses to the admission requests stated: "The total amount of Plaintiffs' claim is unknown at this time, but is no less than $14,500." (Responses to Requests for Admission, Exh. 9, pp. 55-56; Exh. 10, pp. 61-62.) The responses to the special interrogatories stated: "The total amount of Plaintiffs' claim is unknown at this time, but is no less than $14,500." (Responses to Special Interrogatories, Exh. 11, p. 67, ll. 21-22, p. 68, ll. 6-7; Exh. 12, p. 75, ll. 21-22, p. 76, ll. 6-7.)

12. On May 5, 2014, UFCC Received Plaintiffs' Case Management Statement in the state court action. In response to the question asking for a brief statement of the case, including any damages, plaintiffs responded: "Defendant has had Plaintiffs arrested for Insurance fraud. Defendant has wrongfully denied Plaintiffs property damage claim. Criminal defense will exceed $25,000 and property damage loss will exceed $15,000. General Damages are $500,000 and Special Damages will exceed $40,000. Plaintiffs also seek Punitive Damages. (Case Management Statement, Exh. 4, p. 26, ¶ 4.) This is when UFCC first became aware that the amount in controversy exceeds $75,000.

–4–

1  13. Copies of additional pleadings, which comprise the remainder of the state court file, are attached hereto as Exhibit 14.

Date: May 14, 2014

Respectfully submitted,

By: */s/Patrick M. Howe*
     PATRICK M. HOWE

Attorney for defendant United Financial Casualty Company (erroneously sued as "Progressive Casualty Insurance Company, Inc.")

E-mail: pat@patrickhowelaw.com

### DEMAND FOR TRIAL BY JURY

Defendant United Financial Casualty Company hereby demands a trial by jury on all issues in this matter.

Date: May 14, 2014

Respectfully submitted,

By: */s/Patrick M. Howe*
     PATRICK M. HOWE

Attorney for defendant United Financial Casualty Company (erroneously sued as "Progressive Casualty Insurance Company, Inc.")

E-mail: pat@patrickhowelaw.com