UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'

| Case No. | 5:14-cv-00975-CAS(ASx) | Date | June 30, 2014 |
|---|---|---|---|
| Title | ALI ALMAZNI ET AL. V. UNITED FINANCIAL CASUALTY COMPANY ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Debi Read | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants |
|---|---|
| Kristin Hobbs, Specially Appearing for Nolan King | Patrick Howe |

**Proceedings:**     PLAINTIFFS' MOTION TO REMAND (Dkt. 12, filed May 29, 2014)

## I. INTRODUCTION AND BACKGROUND

On November 4, 2013, plaintiffs Ali Almazni and Monica Howard filed this action against defendant United Financial Casualty Co. ("UFCC") in Riverside County Superior Court. Dkt. 1. Their complaint asserts claims under California law for breach of an insurance contract and breach of the implied duty of good faith and fair dealing. Compl. ¶¶ 22-35. In brief, the complaint alleges that defendant unjustly refused to pay an insurance claim filed by plaintiffs after their Toyota Corolla was stolen and later recovered stripped. Id. ¶¶ 8-21.

UFCC removed this action on May 14, 2014, on grounds that this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332. Dkt. 1. UFCC contends in its notice of removal that it is incorporated and has its principal place of business in Ohio, while plaintiffs are domiciled in California. Id. at 3. UFCC states that it first became aware that the amount-in-controversy in this matter exceeds $75,000 after plaintiffs filed a "case management statement" in Riverside County Superior Court on May 5, 2014, stating that plaintiffs seek damages in excess of $75,000. Id. at 4.

Plaintiffs filed a motion to remand on May 29, 2014. Dkt. 12. Defendant filed an opposition on June 7, 2014. Dkt. 17. Plaintiffs replied June 13, 2014. Dkt. 20. The Court held a hearing on June 30, 2014. After considering the parties' arguments, the Court finds and concludes as follows.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'

| Case No. | 5:14-cv-00975-CAS(ASx) | Date | June 30, 2014 |
|---|---|---|---|
| Title | ALI ALMAZNI ET AL. V. UNITED FINANCIAL CASUALTY COMPANY ET AL. | | |

## II. DISCUSSION

Removal is proper where the federal courts have original jurisdiction over an action brought in state court. 28 U.S.C. § 1441(a). Pursuant to 28 U.S.C. § 1332(a), the federal courts have original jurisdiction over state law actions only where the amount in controversy exceeds $75,000 and the action is between parties of diverse citizenship. Courts also recognize a "strong presumption" against removal jurisdiction; the burden is on the removing defendant to demonstrate that removal is proper. See, e.g., Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

28 U.S.C. § 1446(b) imposes two separate 30-day time limits on defendants wishing to remove cases to federal court. The first 30-day limit requires that a defendant remove within 30 days after receiving a complaint that is removable on its face. Id. § 1446(b)(1). Alternatively, if the complaint is not removable on its face, the second 30-day limit requires that a defendant remove within 30 days after receiving "an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." Id. § 1446(b)(3); Harris v. Bankers Life & Cas. Co., 425 F.3d 689, 692 (9th Cir. 2005).

The term "other paper" generally encompasses any documents in the proceeding's state court record, but can also extend to unfiled depositions and responses to interrogatories. See 28 U.S.C. § 1446(c)(3)(A) ("[I]nformation relating to the amount in controversy in the record of the State proceeding, or in responses to discovery, shall be treated as an 'other paper' under subsection (b)(3)."); Mix v. Allstate Ins. Co., 2000 WL 1449880, at *2 (C.D. Cal. April 19, 2000) (finding that a "statement of damages" served on defendant by plaintiff constituted "other paper"); Riggs v. Continental Baking Co., 678 F. Supp. 236, 238 (N.D. Cal. 1988) (finding that plaintiff's deposition constituted "other paper"); Olonzo v. Wells Fargo Bank, NA, 2010 WL 330245, at *3 (C.D. Cal. Jan. 21, 2010) (finding that a "case management statement" constituted "other paper").

When the complaint is unclear or ambiguous as to whether the requisite amount-in-controversy is pled, the removing defendant must prove by a preponderance of the evidence that it is more likely than not that the amount-in-controversy exceeds that amount. Guglielmino v. McKee Foods Corp., 506 F.3d 696, 699 (9th Cir. 2007); Sanchez v. Monumental Life Ins. Co., 102 F.3d 398, 404 (9th Cir. 1995).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**   'O'

| Case No. | 5:14-cv-00975-CAS(ASx) | Date | June 30, 2014 |
|---|---|---|---|
| Title | ALI ALMAZNI ET AL. V. UNITED FINANCIAL CASUALTY COMPANY ET AL. | | |

Here, the Court concludes that defendants have met their burden of showing that the amount-in-controversy exceeds $75,000. As an initial matter, the case management statement states that "[c]riminal defense [damages] will exceed $25,000.00 and property damage loss will exceed $15,000.00. General damages are $500,000.00 and special damages will exceed $40,000.00. Plaintiffs also seek punitive damages." Dkt. 1, Ex. 4, at 28. Because the statement was filed in the state court proceeding on May 5, 2014, it falls within the statutory definition of "other paper." Defendant's removal on May 15, 2014, was therefore timely.

Moreover, plaintiffs' statements in the complaint and in response to interrogatories show that the amount-in-controversy likely exceeds $75,000. Plaintiffs have repeatedly stated that they seek "not less than $14,500," which is the approximate value of the insurance claim for the Corolla. See Opp'n 4. Additionally, plaintiffs seek punitive damages, attorney's fees, and damages for "mental and emotional distress." Compl. Prayer Relief. Taken together, these damages could easily exceed $75,000.

Plaintiffs resist the Court's conclusion on three grounds, none of which is availing. First, plaintiffs contend that the case management statement cannot be "other paper" for the purposes of § 1446(b) because "it has no evidentiary value, is not verified by any other party, is not admissible evidence, and has no authority to control or otherwise amend a pleading." Mot. 5. This argument seeks to subject the statement to an evidentiary test that § 1446(b) does not require. Settlement letters and other correspondence sent among litigants can substantiate amount-in-controversy findings. See Cohn v. Petsmart, Inc., 281 F.3d 837, 840 (9th Cir. 2002) (holding plaintiff's letter to defendant maintaining that a trademark was worth more than $100,000 sufficient to establish the amount-in-controversy); Del Real v. Healthsouth Corp., 171 F. Supp. 2d 1041, 1043 (D. Ariz. 2001) (finding demand letters from plaintiff for $65,203 in reasonable severance pay, plus 18 months of health benefits, satisfied amount-in-controversy requirement). Furthermore, at least one court in this district has found a case management statement, filed in a California Superior Court, to be persuasive evidence of the amount-in-controversy. Olonzo, 2010 WL 330245, at *3.

Second, plaintiffs argue that the Court should not credit the case management statement's damages assessment because it consists of conclusory statements that have no evidentiary value. This argument fails because it is grounded on case law rejecting

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'

| Case No. | 5:14-cv-00975-CAS(ASx) | Date | June 30, 2014 |
|---|---|---|---|
| Title | ALI ALMAZNI ET AL. V. UNITED FINANCIAL CASUALTY COMPANY ET AL. | | |

conclusory statements when they are made by defendants, not when they are made by plaintiffs. See Gaus, 980 F.2d at 567. This argument is unpersuasive when advanced by plaintiffs about their own case management statement, especially when plaintiffs have never stated that they do not seek more than $75,000.

Third, plaintiffs contend defendant has admitted in a deposition that "the amount of the claim is $15,000 or less and that they have never received any information to dispute this amount or believe it to be higher than $15,000." Mot. 7. This argument lacks merit because the cited testimony is in response to a question about the value of plaintiffs' underlying insurance claim. As it was not an assessment by defendant of the overall amount-in-controversy, it does not controvert defendant's argument that more than $75,000 is presently at stake.[1]

### III. CONCLUSION

Based on the foregoing, the Court hereby DENIES plaintiff's motion to remand. The Court also DENIES plaintiff's request for attorney's fees as moot.

IT IS SO ORDERED.

|  | 00 : 03 |
|---|---|
| Initials of Preparer | CMJ |

---

[1] Plaintiffs further recommend that the Court apply a California procedural standard to determine whether remand is appropriate. Reply 2. In California civil actions, courts apply a "legal certainty" standard in ascertaining whether a case should be reclassified based on its amount-in-controversy. See Walker v. Superior Court, 53 Cal. 3d 257 (1991). However, this Court must follow federal procedural rules, not analogous California standards. See, e.g., Erie R. Co. v. Tompkins, 304 U.S. 64 (1938).