UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 5:14-cv-00975-CAS(ASx) | Date | January 7, 2014 |
|---|---|---|---|
| Title | ALI ALMAZNI ET AL. V. UNITED FINANCIAL CASUALTY COMPANY ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants |
|---|---|
| Not Present | Not Present |

**Proceedings:**   (IN CHAMBERS): PLAINTIFFS' EX PARTE APPLICATION TO CONTINUE TRIAL AND SUMMARY JUDGMENT MOTION (dkt. 31, filed Dec. 29, 2014)

## I.   INTRODUCTION AND BACKGROUND

On November 4, 2013, plaintiffs Ali Almazni and Monica Howard filed this action against defendant United Financial Casualty Co. ("UFCC") in Riverside County Superior Court.  Dkt. 1.  Their complaint asserts claims under California law for breach of an insurance contract and breach of the implied duty of good faith and fair dealing.  Compl. ¶¶ 22-35.  In brief, the complaint alleges that defendant unjustly refused to pay an insurance claim filed by plaintiffs after their Toyota Corolla was stolen and later recovered stripped.  Id. ¶¶ 8-21.  The action was removed to this Court on the basis of diversity jurisdiction on May 14, 2014.  Dkt. 1.

Although Almazni and Howard are plaintiffs in the instant action, they are also defendants in a parallel criminal proceeding that is currently pending in Riverside County Superior Court and appears to involve the same underlying facts.  See generally Declaration of Nolan King ("King Declaration").[1]  A jury trial is scheduled in the Riverside criminal action for January 20, 2015.  Dkt. 31, Ex. C.

On December 17, 2014, defendant filed a motion for summary judgment, which is scheduled to be heard on February 2, 2015.  Dkt. 29.  In response, plaintiffs filed the

---

[1] King represents Almazni and Howard in both this action and the parallel criminal action.  King Decl. ¶ 1.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          'O'

| Case No. | 5:14-cv-00975-CAS(ASx) | Date | January 7, 2014 |
|---|---|---|---|
| Title | ALI ALMAZNI ET AL. V. UNITED FINANCIAL CASUALTY COMPANY ET AL. | | |

instant ex parte application to continue the summary judgment motion and trial dates by 30 to 45 days. Dkt. 31. Defendant filed an opposition to plaintiffs' application on December 31, 2014. Dkt. 32. Having carefully considered the parties' arguments, the Court finds and concludes as follows.

## II.  LEGAL STANDARD

Because granting plaintiffs' application would require modification of the Court's August 18, 2014 scheduling order, the application is governed by Federal Rule of Civil Procedure 16. Rule 16(b)(4) provides that a scheduling order shall be modified "only for good cause." "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). While the court may consider the "existence or degree of prejudice" to the opposing party, the focus of the court's inquiry is upon the moving party's explanation. Id. "The pretrial schedule may be modified 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" Zivkovic v. S. Cal. Edison Co., 302 F.3d 1080, 1087 (9th Cir.2002) (quoting Johnson, 975 F.2d at 609). "The district court is given broad discretion in supervising the pretrial phase of litigation, and its decisions regarding the preclusive effect of a pretrial order . . . will not be disturbed unless they evidence a clear abuse of discretion." Miller v. Safeco Title Ins. Co., 758 F. 2d 364, 369 (9th Cir. 1985).

## III.  DISCUSSION

Plaintiffs assert that, absent modification of the scheduling order, they will be unable to adequately oppose defendant's motion for summary judgment, which is currently set to be heard on February 2, 2015 and to which plaintiffs must file an opposition no later than January 15, 2015. See Local Rule 7-9 (opposing papers due no later than twenty-one days before hearing date). Specifically, plaintiffs assert that good cause exists to continue the summary judgment motion for three reasons. First, plaintiffs contend that they have experienced "difficulty" in obtaining their complete cell phone records from two third-party companies. King Decl. ¶ 4. Second, plaintiffs contend that there are six depositions being scheduled for mid to late January involving defense claims adjusters and experts "which are necessary to [present] . . . a proper opposition." Pls.' App. at 2. And third, plaintiffs assert that they would be unable to file affidavits in

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**   'O'

| Case No. | 5:14-cv-00975-CAS(ASx) | Date | January 7, 2014 |
|---|---|---|---|
| Title | ALI ALMAZNI ET AL. V. UNITED FINANCIAL CASUALTY COMPANY ET AL. | | |

opposition to defendant's motion for summary judgment because they are currently awaiting trial on related criminal charges; consequently, plaintiffs argue that filing affidavits would force them to waive their Fifth Amendment rights against self-incrimination.  Id.

In response, defendant contends that plaintiffs' first two justifications must fail, since plaintiffs have not demonstrated exercise of the requisite diligence in pursuing these records and depositions.  Defendant points out that the parties have been litigating this case for more than a year and, pursuant to both state and federal discovery requirements, defendant twice disclosed the identities of the six individuals whom plaintiffs seek to depose in January 2014 and August 2014, respectively.  Declaration of Patrick Howe ("Howe Decl.") ¶¶ 3, 7; id. Exs. 2, 7.  Further, defendant contends that plaintiffs' Fifth Amendment argument is without merit, since Almazni testified during the preliminary hearing in the parallel criminal proceedings on August 22, 2014, id. Ex. 10, and both plaintiffs have been deposed in connection with the instant action.  Id. ¶ 10, Exs. 11, 12.

The Court finds that a brief, thirty day continuance is warranted.  Although the Court agrees that plaintiffs have not made the requisite showing of diligence with regard to both the depositions and cell phone records—indeed, plaintiffs do not explain why they waited until December 2014 both to schedule the relevant depositions and to subpoena the cell phone records, see King Decl, Exs. D-F—plaintiffs' Fifth Amendment concerns are not entirely without merit.  As defense counsel acknowledges, during plaintiff Howard's deposition, she refused to answer two questions based upon "her Fifth Amendment Rights."  Howe Decl. ¶ 10, Ex. 12 at 88:3-4, 95:15-16 (excerpts from Howard deposition).  If, as plaintiffs appear to assert, the answers to these two questions affect plaintiffs' ability to adequately oppose defendant's motion for summary judgment, no amount of diligence on plaintiffs' part could have rendered the instant request for a continuance unnecessary.

Thus, out of an abundance of caution, the Court concludes that plaintiffs have demonstrated good cause for a brief, thirty day continuance of the summary judgment and trial dates.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 5:14-cv-00975-CAS(ASx) | Date | January 7, 2014 |
|---|---|---|---|
| Title | ALI ALMAZNI ET AL. V. UNITED FINANCIAL CASUALTY COMPANY ET AL. | | |

## IV. CONCLUSION

In accordance with the foregoing, the Court GRANTS plaintiffs' ex parte application for a thirty day continuance of the summary judgment and trial dates. Accordingly, the Court's scheduling order is modified as follows:

- Plaintiff's Motion for Summary Judgment set to be heard on February 2, 2015 is rescheduled for March 2, 2015 at 10:00 A.M.;
- Pretrial Conference/Motions In Limine Hearing on calendar for May 4, 2015 at 11:00 A.M.; and
- Trial date currently set for May 5, 2015 is rescheduled for June 2, 2015 at 9:30 A.M.

All other deadlines in the Court's August 18, 2014 scheduling order shall remain in place.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | | CMJ |