UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL** **'O'**

| Case No. | 5:14-cv-00975-CAS(ASx) | Date | February 9, 2015 |
|---|---|---|---|
| Title | ALI ALMAZNI ET AL. V. UNITED FINANCIAL CASUALTY COMPANY ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Laura Elias | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants |
|---|---|
| Not Present | Patrick Howe |

**Proceedings:** MOTION TO WITHDRAW AS COUNSEL OF RECORD FOR PLAINTIFFS ALI ALMAZNI AND MONICA HOWARD (dkt. 37, filed Jan. 26, 2015)

## I. INTRODUCTION AND BACKGROUND

Plaintiffs Ali Almazni and Monica Howard filed this action against defendant United Financial Casualty Co. ("UFCC") in Riverside County Superior Court on November 4, 2013. Dkt. 1. The action was removed to this Court on the basis of diversity jurisdiction on May 14, 2014. Id. The complaint asserts claims under California law for breach of an insurance contract and breach of the implied duty of good faith and fair dealing. Id. Although Almazni and Howard are plaintiffs in the instant action, they are also defendants in a parallel criminal proceeding that is currently pending in Riverside County Superior Court and appears to involve the same underlying facts. Dkt. 31. In light of this pending criminal case, the Court granted plaintiffs' *ex parte* application for a thirty day continuance of the summary judgment and trial dates in the instant civil action on January 7, 2015. Dkt. 34.

On January 26, 2015, counsel for plaintiffs filed a motion to withdraw as counsel. Dkt. 37. Neither plaintiffs nor defendants have opposed the motion. The Court held a hearing on February 9, 2015, which plaintiffs' counsel did not attend. Having considered the parties' arguments, the Court finds and concludes as follows.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL** **'O'**

| Case No. | 5:14-cv-00975-CAS(ASx) | Date | February 9, 2015 |
|---|---|---|---|
| Title | ALI ALMAZNI ET AL. V. UNITED FINANCIAL CASUALTY COMPANY ET AL. | | |

## II. DISCUSSION

Local Rule 83–2.3.2 allows an attorney to withdraw as counsel only upon leave of court. If withdrawal will cause delay in the case, the court will not allow the attorney to withdraw unless "good cause is shown and the ends of justice require [such relief]." L.R. 83–2.3.5. If withdrawal is allowed, the affected parties then "shall appear pro se or appoint another attorney by a written substitution of attorney." L.R. 83–2.3.3.

Plaintiffs' counsel states that he represents plaintiffs in both the instant action and the pending criminal proceeding in Riverside County Superior Court. King. Decl. ¶ 1. Counsel asserts that there as been a complete breakdown in the attorney-client relationship and he believes that he can no longer represent plaintiffs without violating California Rule of Professional Conduct 3-200. Id. ¶ 3. Counsel states that he only discovered the information and facts that form the basis for this motion within the past few weeks. Id. ¶ 4. Counsel further states that he has discussed the instant situation with his clients, and advised them that they may represent themselves in both the criminal and civil actions. Id. Because of the pending criminal action, counsel does not proffer details concerning the breakdown of the attorney-client relationship, id. ¶ 2; however, counsel states that he will file a declaration under seal setting forth such details, to be reviewed by the Court *in camera*, should the Court so order, id. ¶ 5.

Rule 3-200 provides:

> A member shall not seek, accept, or continue employment if the member knows or should know that the objective of such employment is:
>
> (A) To bring an action, conduct a defense, assert a position in litigation, or take an appeal, without probable cause and for the purpose of harassing or maliciously injuring any person; or
>
> (B) To present a claim or defense in litigation that is not warranted under existing law, unless it can be supported by a good faith argument for an extension, modification, or reversal of such existing law.

CV-90 (06/04) **CIVIL MINUTES - GENERAL** Page 2 of 3

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL** **'O'**

| Case No. | 5:14-cv-00975-CAS(ASx) | Date | February 9, 2015 |
|---|---|---|---|
| Title | ALI ALMAZNI ET AL. V. UNITED FINANCIAL CASUALTY COMPANY ET AL. | | |

The plain language of Rule 3-200 requires an attorney to withdraw from representation should any of the conditions set forth in subsections (A) and (B) arise. It follows that "good cause" for withdrawal necessarily exists when continued representation would violate Rule 3-200. Accordingly, the Court finds that plaintiffs' counsel should be permitted to withdraw.

## III. CONCLUSION

In accordance with the foregoing, plaintiffs' counsel's motion to withdraw as counsel is hereby GRANTED.

IT IS SO ORDERED.

00 : 01

Initials of Preparer CMJ

CV-90 (06/04) **CIVIL MINUTES - GENERAL** Page 3 of 3