UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'  JS-6

| Case No. | 5:14-CV-00975-CAS(ASx) | Date | September 24, 2015 |
|---|---|---|---|
| Title | ALI ALMAZNI ET AL. v. UNITED FINANCIAL CASUALTY COMPANY ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants |
|---|---|
| Not Present | Not Present |

**Proceedings:** (IN CHAMBERS): DEFENDANT'S MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT (Dkt. 29, filed December 17, 2014)

## I. INTRODUCTION

Plaintiffs Ali Almazni and Monica Howard filed this action against defendant United Financial Casualty Company ("UFCC") in Riverside County Superior Court on November 4, 2013. Dkt. 1-1.[1] The complaint asserts claims for (1) breach of insurance contract and (2) breach of the implied duty of good faith and fair dealing. Id. Defendant timely removed the action to this Court on May 14, 2014, asserting diversity jurisdiction. Dkt. 1. In short, plaintiffs allege that defendant acted in bad faith when it denied their insurance claim for the theft of their vehicle.

On December 17, 2014, defendant filed a motion for summary judgment or, in the alternative, partial summary judgment. Dkt. 29. Plaintiffs subsequently filed an *ex parte* application to continue the hearing on defendant's motion from February 2, 2015, to March 2, 2015. Dkt. 31. In their application, plaintiffs explained that they are currently defendants in a criminal action in Riverside County Superior Court involving the same underlying events presented here, and represented that they could not oppose defendant's motion without compromising their Fifth Amendment rights. Id. In light of these

---

[1] Plaintiffs originally named Progressive Casualty Insurance Company, Inc., and Does 1-40 as defendants in error, but corrected their mistake on June 9, 2014. Dkt. No. 19.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**　　'O'   JS-6

| Case No. | 5:14-CV-00975-CAS(ASx) | Date | September 24, 2015 |
|---|---|---|---|
| Title | ALI ALMAZNI ET AL. v. UNITED FINANCIAL CASUALTY COMPANY ET AL. | | |

representations, the Court granted plaintiffs' requested continuance in January 2015. Dkt. 34.

Soon thereafter, plaintiffs' counsel—whom plaintiffs had retained to represent them in both the criminal action and the instant civil proceedings—filed a motion to withdraw as counsel, citing a "complete breakdown" in the attorney-client relationship. Dkt. 37. The Court granted counsel's motion on February 9, 2015. Dkt. 39.

Since February 2015, the Court has continued the hearing on the instant motion four times. Dkts. 42, 45, 50, 52. Plaintiffs, however, have not obtained replacement counsel, appeared *in pro per*, or otherwise opposed defendant's motion for summary judgment.[2] Accordingly, defendant's motion for summary judgment remains unopposed, and the Court finds and concludes as follows.

**II.   BACKGROUND**

The relevant facts are not in dispute.[3] On April 29, 2013, plaintiff Howard applied to UFCC to obtain auto insurance for a 2012 Toyota Camry (the "Camry") that Howard had leased. See Defendant's Statement of Uncontroverted Facts ("DSUF") ¶ 2. At the time, Howard, together with plaintiff Almazni, also owned a 2011 Toyota Corolla (the "Corolla"). Id. Howard did not seek to insure the Corolla in the application to UFCC. Id.

On May 1, 2013, UFCC issued plaintiffs a new auto policy (the "Policy") that exclusively covered the Camry. Id. The Policy provides comprehensive coverage in the

---

[2] According to the most recent status report filed by defendant, as of August 18, 2015, the criminal docket of the Riverside Superior Court indicated that the criminal action against plaintiffs was set for trial readiness conference on September 4, 2015, at 8:30 a.m. Dkt. 51 (defendant's status report). The Court has not received any subsequent status reports from defendant, or any other updates regarding whether the aforementioned trial readiness conference took place.

[3] As noted above, plaintiffs have not filed an opposition to defendant's motion, let alone a statement of material factual disputes.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'  JS-6

| | | | |
|---|---|---|---|
| Case No. | 5:14-CV-00975-CAS(ASx) | Date | September 24, 2015 |
| Title | ALI ALMAZNI ET AL. v. UNITED FINANCIAL CASUALTY COMPANY ET AL. | | |

event of an accidental loss, such as theft. Id. ¶¶ 2-3. However, the Policy also expressly conditions such coverage as follows:

> We may deny coverage for an accident or loss if you or a person seeking coverage has concealed or misrepresented any material fact or circumstance, or engaged in fraudulent conduct, in connection with the presentation or settlement of a claim.

Id. ¶ 3. ("Fraud or Misrepresentation Clause").

On May 25, 2013, Howard went to a Toyota dealership to attempt to terminate her lease on the Camry. Id. ¶ 20. At that time, Howard also applied for credit to purchase a new Toyota vehicle, id. ¶ 3, but was informed that she did not qualify due to credit issues, id. ¶ 20.

On May 28, 2013, plaintiff Almazni registered the Corolla as non-operational with the Department of Motor Vehicles ("DMV"). Id. ¶ 4. On June 18, 2013, Almazni subsequently changed the Corolla's DMV registration to "operational," and Howard added the Corolla to the Policy as an insured vehicle. Id. ¶¶ 4-5. Howard also added lease payoff coverage to the Policy for both the Corolla and the Camry. Id. This lease coverage provided that defendant would cover the difference between the actual cash value of a covered vehicle at the time of total loss, as well as the outstanding balance on any lease. Id. ¶¶ 5-6.

On June 26, 2013, at 7:30 p.m., Almazni informed a security officer at the Moreno Valley Mall (the "Mall") that he had parked the Corolla in the Mall parking lot at approximately 3:00 p.m., and noticed it was missing around 6:30 p.m. Id. ¶ 6. Mall security reviewed their security tapes for the relevant area, but did not see the Corolla. Id. At 8:15 p.m., Almazni reported the theft of the Corolla to the Riverside County Sheriff's Department. Id. ¶¶ 6-7. At 10:13 p.m., Howard made an online theft claim to UFCC for the Corolla, stating that the car had been parked at the Mall. Id. ¶ 7.

UFCC subsequently began investigating plaintiffs' claim for the theft of the Corolla. During the investigation, Almazni informed UFCC that he had arrived at the Mall in the Corolla around 3:10 p.m. on June 26, 2013, and had shopped until around

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'  JS-6

| Case No. | 5:14-CV-00975-CAS(ASx) | Date | September 24, 2015 |
|---|---|---|---|
| Title | ALI ALMAZNI ET AL. v. UNITED FINANCIAL CASUALTY COMPANY ET AL. | | |

6:00 p.m., but did not purchase anything. Id. ¶¶ 7-8. Plaintiffs both reported to UFCC that Almazni had called Howard between 6:00 p.m. and 6:30 p.m. on June 26, 2013, asking for a ride home from the Mall because he could not find the Corolla. Id. ¶¶ 8-9. Howard further stated that she had been home all day on June 26, 2013, including when Almazni called, and was on disability leave from her job at Amtrak. Id. ¶ 19.

On July 1, 2013, Officer J. Rodriguez of the Riverside Auto-Theft Interdiction Detail found the Corolla in the parking lot of the Riverside Amtrak station. Id. ¶ 10. The car was locked and the alarm was activated. Id. Officer Rodriguez checked the Amtrak parking lot security video for June 26, 2013, which showed the Corolla entering the parking lot at 6:35 p.m. Id.

On July 10, 2013, Almazni met with investigator Newton from UFCC's Special Investigation Unit. Id. ¶¶ 9, 12. Almazni informed Newton that the Corolla had never been loaned out to anyone, and that the vehicle's keys had never left Almazni's possession. Id. ¶¶ 12, 14.

On August 5, 2013, UFCC received a report from a forensic automotive consultant who had inspected the Corolla. Id. ¶ 15. The report indicated that the Corolla's ignition had not been defeated, and that the vehicle had not been driven with a newly cut key. Id. Rather, the report stated that the Corolla had last been driven with a properly cut mechanical key of the age and type provided by plaintiffs to UFCC during the course of the investigation. Id.

During the investigation, plaintiffs also provided their cell phone numbers to UFCC, and stated that they did not have a land-line home telephone number. Id. ¶ 12. Howard informed UFCC that she had her cell phone in her possession when she met Almazni at the Mall on June 26, 2013, id., and Almazni likewise stated that he had his cell phone with him the entire time he was at the Mall that day, id. ¶ 14. However, when Verizon and Sprint provided UFCC with Howard and Almazni's cell phone data for June 26, 2013, it indicated that, between 11:09 p.m. and 5:29 p.m, both cell phones were located near plaintiffs' apartment in Perris, California—over 12 miles away from the Mall. See Id. ¶¶ 14, 16. The cell data also indicated that, between 6:31 p.m. and 6:53 p.m that day, plaintiffs' cell phones were located near the Riverside Amtrak station where the Corolla was ultimately discovered by Officer Rodriguez. Id. ¶ 17. The phone data

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O'   JS-6 |
|---|---|---|---|
| Case No. | 5:14-CV-00975-CAS(ASx) | Date | September 24, 2015 |
| Title | ALI ALMAZNI ET AL. v. UNITED FINANCIAL CASUALTY COMPANY ET AL. | | |

further indicated that Almazni had not been in the area near the Mall until after 7:21 p.m. on June 26, 2013. Id.

On September 6, 2013, plaintiffs provided supplemental statements to investigator Newton, in which they both asserted that they had not been to the Riverside Amtrak station. Id. ¶ 19. Soon thereafter, UFCC learned of Howard's May 25, 2013, attempt to dissolve her lease on the Camry, as well as her credit issues. Id. ¶ 20.

On September 26, 2013, UFCC denied plaintiffs' claim for theft of the Corolla, citing the Policy's Fraud or Misrepresentation Clause. Nelson Decl, Ex. 20. The denial letter explained that UFCC had reviewed relevant security video footage and was unable to locate the Corolla in the Mall during the timeframe plaintiffs provided, that a proper key was last used to start and drive the Corolla, and that plaintiffs' cell phone records revealed that plaintiffs had been at the Amtrak station where the Corolla was recovered. Id.

Plaintiffs subsequently filed the instant action against defendant in November 2013. Id. In their answer, defendant asserts as an affirmative defense that the policy is void, since plaintiffs violated the Policy's Fraud or Misrepresentation Clause during the investigation of their claim. Id. ¶ 21. On March 24, 2014, the Riverside County District Attorney filed felony and misdemeanor charges against plaintiffs for insurance fraud. Id. It appears that the criminal action remains pending in Riverside County Superior Court.

### III.   LEGAL STANDARD

Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the initial burden of identifying relevant portions of the record that demonstrate the absence of a fact or facts necessary for one or more essential elements of each claim upon which the moving party seeks judgment. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

If the moving party meets its initial burden, the opposing party must then set out specific facts showing a genuine issue for trial in order to defeat the motion. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986); see also Fed. R. Civ. P. 56(c), (e). The

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O'    JS-6 |
|---|---|---|---|
| Case No. | 5:14-CV-00975-CAS(ASx) | Date | September 24, 2015 |
| Title | ALI ALMAZNI ET AL. v. UNITED FINANCIAL CASUALTY COMPANY ET AL. | | |

nonmoving party must not simply rely on the pleadings and must do more than make "conclusory allegations [in] an affidavit." Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 888 (1990); see also Celotex, 477 U.S. at 324. Summary judgment must be granted for the moving party if the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Id. at 322; see also Abromson v. Am. Pac. Corp., 114 F.3d 898, 902 (9th Cir. 1997).

In light of the facts presented by the nonmoving party, along with any undisputed facts, the Court must decide whether the moving party is entitled to judgment as a matter of law. See T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 631 & n.3 (9th Cir. 1987). When deciding a motion for summary judgment, "the inferences to be drawn from the underlying facts . . . must be viewed in the light most favorable to the party opposing the motion." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (citation omitted); Valley Nat'l Bank of Ariz. v. A.E. Rouse & Co., 121 F.3d 1332, 1335 (9th Cir. 1997). Summary judgment for the moving party is proper when a rational trier of fact would not be able to find for the nonmoving party on the claims at issue. See Matsushita, 475 U.S. at 587.

## IV.   DISCUSSION

### A.   Plaintiffs' Claim for Breach of Contract

Plaintiffs assert that defendant breached the Policy by denying their claim for theft of the Corolla and refusing to pay comprehensive coverage benefits. Compl. ¶ 23. Defendant argues that it is entitled to summary judgment on this claim because plaintiffs violated the Policy's Fraud or Misrepresentation Clause during UFCC's claim investigation, thus voiding plaintiffs' Policy. Mot. Summ. J. at 17.

As set forth above, the Policy expressly conditions coverage as follows:

> We may deny coverage for an accident or loss if you or a person seeking coverage has concealed or misrepresented any material fact or circumstance, or engaged in fraudulent conduct, in connection with the presentation or settlement of a claim.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O'  JS-6 |
|---|---|---|---|
| Case No. | 5:14-CV-00975-CAS(ASx) | Date | September 24, 2015 |
| Title | ALI ALMAZNI ET AL. v. UNITED FINANCIAL CASUALTY COMPANY ET AL. | | |

If an insured knowingly misrepresents material facts, his or her "intent to defraud the insurer is necessarily implied," and that conduct voids the insured's coverage. Cummings v. Fire Ins. Exchange, 202 Cal. App. 3d 1407, 1418-19 (1988) (citing Claflin v. Commonwealth Insurance Co., 110 U.S. 81 (1884)). A fact's materiality is determined with reference to "its prospective reasonable relevance to the insurer's inquiry," and not the effect it has on the outcome of an investigation. Id. at 1416-17. "[I]f the misrepresentation concerns a subject reasonably relevant to the insured's investigation, and if a reasonable insurer would attach importance to the fact misrepresented, then it is material." Id. at 1417. On a motion for summary judgment, materiality may be determined as a matter of law if reasonable minds could not differ on the materiality of the misrepresentation. Id.

Defendant asserts that plaintiffs' misrepresentations concerning their respective locations at the time of the Corolla's purported theft were material as a matter of law. Mot. Summ. J. at 15-17. The Court agrees. When an insured submits a claim, it is reasonable for the insurer to attempt to determine the truth or falsity of that claim. See Cummings, 202 Cal. App. 3d at 1416 (explaining that examination of claimant "enable[s] [the insurer] to decide upon their obligations, and to protect them against false claims") (quoting Claflin, 110 U.S. at 85). Here, defendant proffers evidence that it questioned plaintiffs at least three times concerning their location during the reported theft. On all three occasions, plaintiffs represented that Almazni was at the Mall between 3:00 p.m. and 7:00 p.m., and that Howard was at their apartment in Perris until 6:30 p.m, when she picked up Almazni at the Mall. However, plaintiffs' cell phone data places both individuals at the Amtrak parking lot where the Corolla was ultimately discovered between 6:31 p.m. and 6:53 p.m. The cell phone data thus indicates that plaintiffs misrepresented their respective whereabouts on June 26, 2013 to UFCC, and strongly suggests that plaintiffs' claim for theft of the Corolla was fabricated. Plainly, a reasonable insurer would attach importance to facts indicating that a claim is fraudulent. Accordingly, such facts are material.

Moreover, the evidence proffered by defendant indicates that plaintiffs knowingly misrepresented their whereabouts. Each time they were questioned by UFCC, plaintiffs provided the same misinformation. As defendant points out, the consistency of the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' JS-6 |
|---|---|---|---|
| Case No. | 5:14-CV-00975-CAS(ASx) | Date | September 24, 2015 |
| Title | ALI ALMAZNI ET AL. v. UNITED FINANCIAL CASUALTY COMPANY ET AL. | | |

misrepresentations, coupled with the nature of the misrepresented information, indicates that plaintiffs' statements were not the result of inadvertent error.

Because the undisputed facts demonstrate that plaintiffs misrepresented material facts to defendant during the investigation into plaintiffs' insurance claim, plaintiffs violated the Policy's Fraud or Misrepresentation Clause. Plaintiffs' Policy is thus void. Accordingly, the Court **GRANTS** defendant's motion for summary judgment as to plaintiffs' claim for breach of contract.

### B.   Plaintiff's Claim for Breach of Implied Duty of Good Faith and Fair Dealing

Plaintiffs also assert a claim for breach of the implied duty of good faith and fair dealing. In the insurance context, a claim for bad faith arises when an insurer unreasonably withholds a benefit due under an insurance policy. 2 Witkin, Summary of California Law, Insurance § 240 (10th ed. 2005); Morris v. Paul Revere Life Ins. Co., 109 Cal. App. 4th 966, 973 (2003). However, "if there is no *potential* for coverage and, hence, no duty to defend under the terms of the policy, there can be no action for breach of the implied covenant of good faith and fair dealing because the covenant is based on the contractual relationship between the insured and the insurer." Waller v. Truck Ins. Exch., Inc., 11 Cal. 4th 1, 36 (1995) (emphasis in original); accord, Gunderson v. Fire Ins. Exch., 37 Cal. App. 4th 1106, 1119 (1995) ("Because there was no breach of the insurance contract, appellants' bad faith claim also fails."). Thus, because plaintiffs' breach of contract claim fails, plaintiffs' claim for breach of the implied duty of good faith and fair dealing necessarily fails as well. Accordingly, the Court **GRANTS** defendant's motion for summary judgment as to this claim.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' JS-6 |
|---|---|---|---|
| Case No. | 5:14-CV-00975-CAS(ASx) | Date | September 24, 2015 |
| Title | ALI ALMAZNI ET AL. v. UNITED FINANCIAL CASUALTY COMPANY ET AL. | | |

## V. CONCLUSION

In accordance with the foregoing, defendant's motion for summary judgment is hereby **GRANTED** in its entirety.

IT IS SO ORDERED.

|  | 00 : 00 |
|---|---|
| Initials of Preparer | CMJ |